**In re TODAY'S WOMAN OF FLORIDA, INC., Debtor.**

**Bankruptcy No. 95–04145–8P1.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

April 18, 1996.

Susan M. Salvatore, Asher Rabinowitz, Tampa, FL, for Debtor.

Jay B. Verona, St. Petersburg, FL, for Claimant.

### ORDER ON OBJECTION TO CLAIM # 46

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a confirmed Chapter 11 case filed by Today's Woman of Florida, Inc., (Debtor) who elected to be treated under the Small Business Provision added to the Code by § 218 of the Bankruptcy Reform Act of 1994. That provision amended § 1125 of the Bankruptcy Code. The matter under consider-

ation is an Objection to Claim No. 46 filed by Volusia Mall Associates (Landlord) in the amount of $112,092.57. The claim is filed as a general unsecured claim and is based on damages resulting from the rejection of a shopping center lease (Lease) by the Debtor. The Objection of the Debtor is based on the contention that the Landlord's claim should be only allowed in the amount of $86,394.00 based on § 502(b) of the Bankruptcy Code and the balance of the claimed damages should be disallowed.

The facts relevant to the resolution of the issues raised by the Objection are basically without dispute and involve interpretation of § 502(b)(6) which places a cap on claims based on damages resulting from rejection of non-residential leases. The Debtor filed its voluntary petition for relief under Chapter 11 on May 1, 1995, and filed its Motion to Reject the Lease under consideration on May 2, 1995. The Debtor's business involves operation of several women's retail stores located in various shopping centers in the State of Florida. The store which pertains to the matter under consideration was located in a shopping center owned by Volusia Mall Associates in Daytona Beach, Florida. The Motion to Reject the Lease was set down for hearing and on August 15, 1995, this Court authorized the Debtor to reject the lease under consideration.

The Lease was entered into by the Landlord and the Debtor on January 14, 1993, for an initial term of 9 years. The fixed monthly rental obligation was scheduled to increase periodically pursuant to the Lease; specifically, the monthly rent was in the amount of $4,166.67 from January 1, 1993 through December 31, 1995. The monthly rent was to increase to $4,583.33 for the period January 1, 1996 through December 31, 1999, and to $5,000.00 beginning January 1, 2000 until the expiration date. The Lease also provided for 6% additional rent based on gross sales of $833,333.33 during the first two year period, increasing up to $1,000,000.00 gross sales in the last two years of the Lease.

The Landlord's claim was filed on August 24, 1995, in the amount of $112,092.57. In due course, the Landlord filed its Response to the Objection to its claim, contending that the calculation of the amount claimed is correct and the claim should be allowed in the amount filed. This amount, as calculated by the Landlord, represented 15%, or $112,-092.57, of the remaining three-year lease term of $747,283.86. Schedule B attached to the Landlord's Proof of Claim also contained a calculation of $29,345.12 for one year's rent beginning on the date the Debtor vacated the premises, plus a calculation of $63,280.32, representing rent for eight months' thereafter, for a total of $92,625.44.

Both parties agree that the amount of allowable claim for damages for rejection is governed by § 502(b)(6) which provides:

**§ 502. Allowance of claims or interests.**

.    .    .    .    .

(b) Except as provided in subsections (e)(2), (f), (g), (h) and (i) of this section, if such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that—

(6) if such claim is the claim of a lessor for damages resulting from the termination of a lease of real property, such claim exceeds—

(A) the rent reserved by such lease, without acceleration, for the greater of one year, or 15 percent, not to exceed three years, of the remaining term of such lease, following the earlier of—

(i) the date of filing of the petition; and

(ii) the date on which such lessor repossessed, or the lessee surrendered, the leased property; plus

(B) any unpaid rent due under such lease, without acceleration, on the earlier of such dates;

Although courts are not in agreement on the interpretation of § 502(b)(6), the majority of courts interpreting this section have concluded that the 15% cap must be calculated with reference to the total amount of the rent remaining due, as opposed to the total amount of time remaining under the lease.

**508**

See, e.g., In re Gantos, 176 B.R. 793, 796 (Bankr.W.D.Mich.1995); In re Bob's Sea Ray Boats, Inc., 143 B.R. 229, 232 (Bankr.D.N.D. 1992); In re Communicall Cent., Inc., 106 B.R. 540, 544 (Bankr.N.D.Ill.1989); In re McLean Enterprises, Inc., 105 B.R. 928, 936–37 (Bankr.W.D.Mo.1989). This view is also supported by respected treatises. E.g. 1 Robert E. Ginsberg & Robert D. Martin, Bankruptcy: Text, Statutes, Rules § 7.04[a] (1994); Norton Bankruptcy Law and Practice 2d § 41.24 (1994).

This Court concludes that the Debtor's interpretation of this section is not supported by the plain language of the Statute. Thus, this court is satisfied that the 15% cap is calculated against the total amount of the rent remaining due under the lease. Contrary to the contention of the Debtor, the calculation of the claim by the Landlord is not averaging but rather the price calculation pursuant to the Lease.

Based on the foregoing, this Court is satisfied that the objection is not well-taken and should be overruled and the claim allowed in the amount as filed.

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that the Objection to Claim No. 46 be, and the same is hereby, overruled. It is further

ORDERED, ADJUDGED AND DE-CREED and the claim filed by Volusia Mall Associates is allowed in the amount as filed.

DONE AND ORDERED.